Thomas G. SOMERMEIER, Jr., and all others similarly situated, Plaintiff-Appellant,

v.

DISTRICT DIRECTOR OF CUSTOMS FOR the PORT OF LOS ANGELES–LONG BEACH, William P. Knoke, District Director of Customs for the Port of San Diego, Donald C. Utterback, and District Director of the Port of San Francisco, George K. Brokaw, Defendants-Appellees.

No. 25893.

United States Court of Appeals, Ninth Circuit.

Sept. 23, 1971.

**1244**

Coleman J. Lesser, Beverly Hills, Cal., for plaintiff-appellant.

Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Chief, Civ.Div., Larry L. Dier, Asst. U. S. Atty., Los Angeles, Cal., for defendants-appellees.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

In dispute is the right to seven fifths of Scotch whisky confiscated by Customs officers when appellant and his wife arrived in Los Angeles following a direct flight from London. Appellant contends that he and his wife were entitled to bring into the United States one gallon each. They were, between them, allowed only three fifths. The District Court ruled in favor of the Government and this appeal followed.

27 U.S.C. § 122 prohibits bringing alcoholic beverages into any state in violation of the law of that state.

California Business & Professions Code § 23661, while containing general prohibitions against importation of alcoholic beverages other than by a licensed importer, does permit importation for personal use to the extent that such beverages "are exempt from payment of duty in accordance with the existing provisions of federal law."

In 1955, when this exemption was enacted, federal law allowed duty-free importation of one gallon of alcoholic beverage. 19 U.S.C. § 1202, Sched. 8, item 813.30. In 1965, this amount was reduced to one quart, id., as amended by 79 Stat. 208, and that is the present limit.

The question presented is whether the reference in the California statute to "existing provisions of federal law" meant the federal law as it existed in 1955 or that law as it might be changed. We agree with the District Court that the latter was intended.

Under California law, when, by statute, reference is made to general law rather than to a specific statute, the adopted laws are taken not only in their contemporary form but also as they may be changed from time to time. Palermo v. Stockton Theatres, Inc., 32 Cal.2d 53, 59, 195 P.2d 1, 5 (1948).

This general rule is in accord with the apparent legislative intent in this instance, which was to allow importation of alcoholic beverage without license up to such amount as applicable federal law would permit duty free. Had the state intended to grant a right of importation of up to one gallon, it would have been simple to say so.

Affirmed.